```
 1  KAREN P. HEWITT
    United States Attorney
 2  LUELLA M. CALDITO
    Assistant U.S. Attorney
 3  California State Bar No. 215953
    Federal Office Building
 4  880 Front Street, Room 6293
    San Diego, California  92101-8893
 5  Telephone: (619) 557-7035
    Luella.Caldito@usdoj.gov
 6
    Attorneys for Plaintiff
 7  UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CASE NO.   08CR0625-JAH |
|---|---|---|
| Plaintiff, | ) ) | DATE:   April 14, 2008<br>TIME:    8:30 a.m. |
| v. | ) ) | GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO: |
| JAVIER MORENO-MENDOZA, | ) ) | (1)  COMPEL DISCOVERY AND PRESERVE EVIDENCE; |
| Defendant. | ) ) ) ) ) ) ) | (2)  DISMISS THE INDICTMENT;<br>(3)  SUPPRESS STATEMENTS; AND<br>(4)  GRANT LEAVE TO FILE FURTHER MOTIONS. |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Luella M. Caldito, Assistant United States Attorney, and hereby files its Response in Opposition to Defendant's above-referenced Motions.  This Response is based upon the files and records of this case.

**I**

**STATEMENT OF THE CASE**

On March 5, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Javier Moreno-Mendoza ("Defendant") with Attempted Entry After Deportation,

in violation of Title 8, United States Code, Section 1326. The Indictment further alleged that Defendant had been removed from the United States subsequent to September 23, 2005. Defendant was arraigned on the Indictment on March 11, 2008, and entered a plea of not guilty.

## II

## STATEMENT OF FACTS

### A.    THE INSTANT OFFENSE

On February 11, 2008, at approximately 8:00 p.m., Defendant attempted to enter the United States from Mexico through the pedestrian lanes at the San Ysidro Port of Entry. At primary inspection, Defendant claimed that he did not have any identification documents and stated that he was a United States citizen by birth in San Diego, California. When asked why Defendant did not have any identification documents, Defendant responded that he had been in Mexico for two weeks. The primary officer then asked Defendant to state his name. Defendant paused before responding "Moreno." When asked if that was Defendant's true name, Defendant stated his true name was "Moreno-Mendoza." The primary officer entered Defendant's name into TECS, which resulted in a positive match. Defendant was then referred to secondary inspection for a possible false claim to United States citizenship.

At secondary inspection, Defendant's fingerprints were entered into the Automated Biometric Identification System (IDENT). Defendant's identity was confirmed, along with his criminal and immigration histories. While at secondary inspection, Defendant claimed that he had served 26 months for illegal entry and was recently released a couple of months ago. Defendant further claimed that he believed he would be admitted into the United States by simply claiming he was a United States citizen.

At approximately 11:40 p.m., Defendant was advised of his Miranda rights and invoked his right to remain silent.

### B.    DEFENDANT'S IMMIGRATION HISTORY

Defendant is a citizen of Mexico who was ordered deported by an Immigration Judge on or about October 21, 2001 and August 11, 1999. Defendant was removed from the United States to Mexico on several occasions, including but not limited to, September 17, 2007, December 17, 2004, September 5, 2002, December 21, 2001, December 3, 2000, December 1, 2000, and August 14, 1999.

# III

# ARGUMENT

### A.     MOTION TO COMPEL DISCOVERY AND PRESERVE EVIDENCE

The United States has and will continue to fully comply with its discovery obligations. To date, the United States has produced 234 pages of discovery to Defendant's counsel, a DVD of Defendant's post-arrest interview and an audio tape of Defendant's deportation hearing. As of today, the United States has received no reciprocal discovery.

The Certificate of Non-Existence of Record will be produced to defense counsel once the document is received by Government counsel.

Regarding Defendant's request to inspect the Alien Registration File ("A-File") associated with Defendant, the United States objects to this request. This information is equally available to Defendant through a Freedom of Information Act request. Even if Defendant could not ascertain the A-File through such a request, the A-File is not Rule 16 discoverable information. The A-File contains information that is not discoverable like internal government documents and witness statements. See Fed. R. Crim. P. 16(a)(2). Witness statements would not be subject to production until after the witness for the United States testifies and provided that a "motion" is made by Defendant. See Fed. R. Crim. P. 16(a)(2) and 26.2. Thus, the A-File associated with Defendant need not be disclosed.

Further, the United States is well aware of and will continue to perform its duty under Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the United States' case. As stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that "the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality." Id. at 774-775 (citation omitted).

Counsel believes that all discovery disputes can be resolved amicably and informally in this case and it is respectfully requested that no orders compelling specific discovery by the United

1  States be made at this time.

### B.  DEFENDANT'S MOTION TO DISMISS THE INDICTMENT SHOULD BE DENIED

The U.S. Supreme Court overruled the case upon which Defendant relies, United States v. Resendiz-Ponce, 425 F.3d 729 (9th Cir. 2005), on January 9, 2007. Indeed, the Supreme Court expressly held that an indictment alleging attempted illegal reentry need not specifically allege a particular overt act or any other component part of the offense. United States v. Resendiz-Ponce, 127 S.Ct. 782, 787-88 (2007). Thus, Defendant's motion to dismiss the indictment on this ground should be denied.

### C.  DEFENDANT'S STATEMENTS ARE ADMISSIBLE

Defendant moves to suppress any statements taken in violation of Miranda v. Arizona, 396 U.S. 868 (1969) and claims that the Government must prove that Defendant's waiver of his Miranda rights were voluntary, knowing and intelligent. First, Defendant's statements to the primary and secondary officers are admissible because Defendant was not in custody at the time he made those statements. Second, Defendant fails to provide this Court with a declaration alleging a specific factual dispute. Given this, an evidentiary hearing in this case is simply unnecessary and a waste of judicial resources.

   1.  Defendant's Statements to Primary and Secondary Inspectors at the Port of Entry Are Admissible Because They Were Not Products of Custodial Interrogation

When a person has been deprived of his or her freedom of action in a significant way, Government agents must administer Miranda warnings prior to questioning the person. Miranda v. Arizona, 384 U.S. 436 (1966). Such a requirement, however, has two components: (1) custody, and (2) interrogation. Id. at 477-78. A person is not simply in custody because agents stop him at the international border. Questioning by an inspector at a port of entry does not transform a routine inspection into a custodial interrogation requiring the agents to give Miranda warnings. United States v. Manasen, 909 F.2d 1357 (9th Cir. 1990); United States v. Iroise, 796 F.2d 310, 314 (9th Cir. 1996)(same); United States v. Estrada-Lucas, 651 F.2d 1261, 1265 n.3 (9th Cir. 1999)("A person answering initial questions of a Customs agent at the border is not already in custody"); United States v. Butler, 249 F.3d 1094, 1098 (9th Cir. 2001)(same).

      Any statements of Defendant to primary and secondary inspectors at the port of entry do not require compliance with <u>Miranda</u> to be admissible because they were not the product of a custodial interrogation. When Defendant was stopped at the border and referred to secondary inspection, he was detained. The test for determining whether an individual stopped at the border is detained or under arrest has been set forth by the Ninth Circuit in <u>United States v. Bravo</u>, 295 F.3d 1002, 1009 (9th Cir. 2002). The question is whether, under the totality of the circumstances, "a reasonable person would believe that he is being subjected to more than the 'temporary detention occasioned by border crossing formalities.'" <u>Id.</u> (citation omitted). In this case, Defendant's statements resulted from initial questioning by Customs and Border Protection (CBP) Officer Rodriguez at the primary pedestrian lanes at the San Ysidro Port of Entry. At the time Defendant made statements to Officer Rodriguez, Defendant was not handcuffed or restrained in any way. Additionally, Officer Rodriguez asked Defendant routine questions that are generally asked of individuals who apply for entry at the ports of entry. Under the totality of the circumstances, Defendant was detained, not arrested. <u>See id.</u> at 1009-10. Consequently, <u>Miranda</u> warnings were not required and Defendant's motion to suppress should be denied.

      Furthermore, Defendant's statements at secondary inspection were not a result of a custodial interrogation. Nonetheless, at this time, the Government does not intend to use Defendant's statements made at secondary inspection in its case-in-chief at trial. Thus, Defendant's motion to suppress Defendant's statements at secondary inspection should be denied as moot.

      2.    **Defendant's Request for an Evidentiary Hearing Should Be Summarily Denied For Failure to Comply with Local Criminal Rule 47.1(g)**

      Under Ninth Circuit and Southern District precedent, as well as Southern District Local Criminal Rule 47.1(g)(1)-(4), a defendant is entitled to an evidentiary hearing on a motion to suppress only when the defendant adduces specific facts sufficient to require the granting of the defendant's motion. <u>United States v. Batiste</u>, 868 F.2d 1089, 1093 (9th Cir. 1989) ("[T]he defendant, in his motion to suppress, failed to dispute any material fact in the government's proffer. In these circumstances, the district court was not required to hold an evidentiary hearing."); <u>United States v. Moran-Garcia</u>, 783 F. Supp. 1266, 1274 (S.D. Cal. 1991) (stating that boilerplate motion containing indefinite and unsworn allegations was

1  insufficient to require evidentiary hearing on defendant's motion to suppress statements). Specifically,
2  Local Criminal Rule 47.1(g)(1) states that "[c]riminal motions requiring predicate factual finding shall
3  be supported by declaration(s)" and that "[t]he Court need not grant an evidentiary hearing where either
4  party fails to properly support its motion or opposition." Here, Defendant has failed to support his
5  allegation with a declaration, in clear opposition to Local Rule 47.1(g). The Ninth Circuit has held that
6  a District Court may properly deny a request for an evidentiary hearing on a motion to suppress
7  evidence because the defendant did not properly submit a declaration pursuant to a local rule. United
8  States v. Wardlow, 951 F.2d 1115, 1116 (9th Cir. 1991).

### D.   MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

The Government opposes this request unless the motion is based upon newly discovered evidence not available to Defendant at the time of the motion hearing.

## IV
## CONCLUSION

For the foregoing reasons, the United States requests that Defendant's Motions be denied.

DATED: April 7, 2008

                                          Respectfully Submitted,

                                          KAREN P. HEWITT
                                          United States Attorney

                                          /s/ Luella M. Caldito
                                          LUELLA M. CALDITO
                                          Assistant U.S. Attorney
                                          Luella.Caldito@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR0625-JAH |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| JAVIER MORENO-MENDOZA, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, LUELLA M. CALDITO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of:

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO (1) COMPEL DISCOVERY AND PRESERVE EVIDENCE; (2) DISMISS INDICTMENT; (3) SUPPRESS STATEMENTS; AND (4) GRANT LEAVE TO FILE FURTHER MOTIONS

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Victor Pippins of Federal Defenders of San Diego, Inc.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 7, 2008

/s/ Luella M. Caldito
LUELLA M. CALDITO