KAREN P. HEWITT
United States Attorney
LUELLA M. CALDITO
Assistant U.S. Attorney
California State Bar No. 215953
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7035
Luella.Caldito@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> JAVIER MORENO-MENDOZA, ) <br> ) <br> Defendant. ) <br> _____ ) | CRIM. CASE NO.   08CR0625-JAH <br><br> DATE:   April 14, 2008 <br> TIME:   8:30 a.m. <br><br> STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTIONS FOR RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Luella M. Caldito, Assistant United States Attorney, hereby files the attached statement of facts and memorandum of points and authorities in support of Government's motion for reciprocal discovery and fingerprint exemplars.

**I**

**STATEMENT OF THE CASE**

On March 5, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Javier Moreno-Mendoza ("Defendant") with Attempted Entry After Deportation, in violation of Title 8, United States Code, Section 1326. The Indictment further alleged that

Defendant had been removed from the United States subsequent to September 23, 2005. Defendant was arraigned on the Indictment on March 11, 2008, and entered a plea of not guilty.

## II

## STATEMENT OF FACTS

### A. THE INSTANT OFFENSE

On February 11, 2008, at approximately 8:00 p.m., Defendant attempted to enter the United States from Mexico through the pedestrian lanes at the San Ysidro Port of Entry. At primary inspection, Defendant claimed that he did not have any identification documents and stated that he was a United States citizen by birth in San Diego, California. When asked why Defendant did not have any identification documents, Defendant responded that he had been in Mexico for two weeks. The primary officer then asked Defendant to state his name. Defendant paused before responding "Moreno." When asked if that was Defendant's true name, Defendant stated his true name was "Moreno-Mendoza." The primary officer entered Defendant's name into TECS, which resulted in a positive match. Defendant was then referred to secondary inspection for a possible false claim to United States citizenship.

At secondary inspection, Defendant's fingerprints were entered into the Automated Biometric Identification System (IDENT). Defendant's identity was confirmed, along with his criminal and immigration histories. While at secondary inspection, Defendant claimed that he had served 26 months for illegal entry and was recently released a couple of months ago. Defendant further claimed that he believed he would be admitted into the United States by simply claiming he was a United States citizen.

At approximately 11:40 p.m., Defendant was advised of his Miranda rights and invoked his right to remain silent.

### B. DEFENDANT'S IMMIGRATION HISTORY

Defendant is a citizen of Mexico who was ordered deported by an Immigration Judge on or about October 21, 2001 and August 11, 1999. Defendant was removed from the United States to Mexico on several occasions, including but not limited to, September 17, 2007, December 17, 2004, September 5, 2002, December 21, 2001, December 3, 2000, December 1, 2000, and August 14, 1999.

# III

# **GOVERNMENT'S MOTIONS**

**A.    MOTION FOR RECIPROCAL DISCOVERY**

    **1.    RULE 16(b)**

The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. Because the United States has complied with a defense request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

    **2.    RULE 26.2**

Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant. This rule thus provides for the reciprocal production of <u>Jencks</u> statements.

The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

1 **B.     Motion to Compel Fingerprint Exemplars**

2   The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert. See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints). Since the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not implicated. The Ninth Circuit in United States v. Ortiz-Hernandez, 427 F.3d 567, 576-79 (9th Cir. 2005), upheld the Government's ability to compel a defendant to submit to fingerprinting for purposes of identification at trial. See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)). Furthermore, an order requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth Amendment rights. See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting"); Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996) (the taking of fingerprints in the absence of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth Amendment).

**IV**

**CONCLUSION**

For the foregoing reasons, the United States requests that the Government's Motions be granted.

DATED: April 7, 2008.

      Respectfully Submitted,

      KAREN P. HEWITT
      United States Attorney

      /s/ Luella M. Caldito

      LUELLA M. CALDITO
      Assistant U.S. Attorney
      Luella.Caldito@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR0625-JAH |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| JAVIER MORENO-MENDOZA, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, LUELLA M. CALDITO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S NOTICE OF MOTIONS AND MOTIONS FOR RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Victor Pippins, Esq., Federal Defenders of San Diego, Inc.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 7, 2008.

/s/ Luella M. Caldito
LUELLA M. CALDITO